1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,           )   2:11-CV-02038-JAM-DAD
                                       )
12         Plaintiff,                  )
                                       )
13      v.                             )   STIPULATION FOR AN
                                       )   INTERLOCUTORY SALE
14 REAL PROPERTY LOCATED AT 1251       )   AND TO LIFT STAY FOR ENTRY
   PLEASANT GROVE ROAD, RIO OSO,       )   OF ORDER AUTHORIZING
15 CALIFORNIA, SUTTER COUNTY,          )   INTERLOCUTORY SALE OF
   APN: 28-140-015 INCLUDING ALL       )   THE DEFENDANT PROPERTY
16 APPURTENANCES AND                   )
   IMPROVEMENTS THERETO,               )
17                                     )
           Defendant.                  )
18                                     )

20      The United States of America and claimants River City Bank, Thomas W.

21 Jopson and David E. Jopson hereby agree and stipulate to the following

22 interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or

23 Maritime Claims and Asset Forfeiture Actions:

24      1. The defendant in this action is described as real property located at 1251

25 Pleasant Grove Road, Rio Oso, California, Sutter County, APN: 28-140-015

26 including all appurtenances and improvements thereto (hereafter "defendant

27 property") and more fully described in Exhibit A attached hereto and incorporated

28 herein by reference.

2.  On August 1, 2011, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property was subject to forfeiture on the grounds that the property was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 *et seq.*, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).  The complaint alleges that on June 21, 2011, federal agents executed a search warrant at the defendant property and found a sophisticated indoor marijuana growing operation with approximately 3,244 marijuana plants under cultivation.

3.  The record owners of the defendant property are David E. Jopson, Sandra Lee Jopson, Thomas W. Jopson, and Margaret S. Jopson.

4.  Beginning on August 13, 2011, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 29, 2011.

5.  On August 19, 2011, River City Bank filed a claim and answer in this action based on Promissory Note secured by a Deed of Trust, executed on July 12, 2005.  On October 4, 2011, David E. Jopson filed a claim and answer in this action.  On October 14, 2011, Thomas W. Jopson filed a claim and answer in this action.[1]

6.  In March 2012, the Jopson claimants placed the defendant property on the market to be sold with Jon Daggett of Pearson Realty.  In June 2012, an offer in the amount of $665,000.00 was accepted.  Escrow is estimated to close in July 2012.  The buyers of the defendant property are Robert DeValentine and Martha Blattman, Trustees of the R & M DeValentine Revocable Trust, dated 6/17/02.

7.  No other parties have filed claims or answers in this action, and the time

---

[1] The Clerk entered Certificates of Default against Margaret Jopson and Sandra Jopson on October 3, 2011.  ECF No. 13.

in which any person or entity may file a claim and answer has expired.[2]

8. The parties herein agree that the proposed sale of defendant property should proceed pursuant to Paragraphs 9 through 20 below.

9. The Jopson claimants shall instruct the escrow officer, Suzanne C. Ford of Chicago Title Company in Fresno, California, to wire the net proceeds from the sale of the defendant property to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

10. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following:[3]

    a.    Real estate commissions;

    b.    Amount due to lien holder River City Bank based on a Promissory Note secured by a Deed of Trust, executed on July 12, 2005;

    c.    Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;

    d.    Real estate property taxes which are due and owing;

    e.    Insurance costs, if any;

    f.    Title fees;

    g.    $119.00 for a Natural Hazard Disclosure Report;

    h.    Escrow fees; and

    i.    County transfer taxes.

11. The net proceeds from the sale of the defendant property shall be wired

---

[2] The case was stayed pursuant to stipulation and order on May 1, 2012. ECF No. 22. The stay in this case is to be lifted for the limited purpose of authorizing the sale of the defendant property and substituting the net sale proceeds as the *res* forming the basis of the litigation. Otherwise, and as described in the May 1, 2012 stay order, the case is stayed until the resolution of the related criminal case.

[3] Any event or transaction that results in a tax consequence to the Jopson claimants will be resolved pursuant to separate Court order.

to the U.S. Marshals Service, at the close of escrow, to be deposited in the Seized Asset Deposit Fund. Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

12. The Jopson claimants will retain custody, control, and responsibility of the defendant property until the interlocutory sale that is the subject of this Stipulation has been completed.

13. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

14. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

15. The Jopson claimants shall maintain the defendant property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

16. The Jopson claimants shall maintain all insurance policies currently in

effect with respect to the defendant property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the defendant property.

17. Except as specifically provided herein, claimants shall not convey, transfer, encumber, lien, or otherwise pledge the defendant property without the prior, written approval of the United States.

18. All parties are to bear their own costs and attorneys' fees except as provided for in Paragraph 10(b).

19. Pending the sale of the property, and the disposition of the proceeds, the parties hereby stipulate that the U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

20. The interlocutory sale of the defendant property and the substitution of the net sales proceeds in the civil case shall not affect any rights the parties may have to litigate their claims to the property.

Dated: 7-2-12                                          BENJAMIN B. WAGNER
                                                       United States Attorney


                                            By:  /s/ Kevin C. Khasigian
                                                 KEVIN C. KHASIGIAN
                                                 Assistant U.S. Attorney


Dated: 6-29-12                                   /s/ Stephen H. Johanson
                                                 STEPHEN H. JOHANSON
                                                 Attorney for Claimant River
                                                 City Bank

| | |
|---|---|
| Dated: 7/2/12 | /s/ William J. Portnova<br>WILLIAM J. PORTNOVA<br>Attorney for Claimant<br>Thomas W. Jopson |
| Dated: 6-30-12 | /s/ Thomas W. Jopson<br>THOMAS W. JOPSON<br>Claimant |

ACKNOWLEDGMENT

State of California    )
                       )
County of  Placer      )

On 6/30/12   , before me, A. Mundt   , Notary Public, personally appeared Thomas W. Jopson         , who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature /s/ A. Mundt

> A. MUNDT
> Commission # 1936029
> Notary Public - California
> Placer County
> My Comm. Expires May 12, 2012

| | |
|---|---|
| Dated:   7/1/12 | /s/ John Richard Manning<br>JOHN RICHARD MANNING<br>Attorney for Claimant<br>David E. Jopson |

///
///
///
///
///

6    Stipulation for an Interlocutory Sale and to Lift Stay
          for Entry of Order Authorizing Interlocutory Sale

Dated: 6/30/12                                    /s/ David E. Jopson
                                                                DAVID E. JOPSON
                                                                Claimant

ACKNOWLEDGMENT

State of California       )
                            )
County of  Placer       )

On 6/30/12    , before me, A. Mundt    , Notary Public, personally appeared David E. Jopson        , who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature /s/ A. Mundt

> A. MUNDT
> Commission # 1936029
> Notary Public - California
> Placer County
> My Comm. Expires May 12, 2012

///                                        (Signatures retained by attorney)

///

///

///

///

///

///

///

///

///

///

///

///

**ORDER**

1. The Stay in this case shall be lifted for the limited purpose of entering this Order Authorizing the Interlocutory Sale of the defendant property.

2. The defendant property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

3. The net proceeds from the sale of the defendant property shall be wired to the U.S. Marshals Service and deposited into the Seized Asset Deposit Fund, substituted as the *res* herein, and held pending further order of the Court.

4. The forfeiture action pending shall proceed against the substitute *res* in lieu of the defendant property sold pursuant to this Stipulation and shall be stayed until the resolution of the related criminal case.

IT IS SO ORDERED.

Dated:   7/2/2012                                            /s/ John A. Mendez
                                                             JOHN A. MENDEZ
                                                             United States District Court Judge

# EXHIBIT A

## 1251 Pleasant Grove Road, Rio Oso, California

The "Remainder" as shown on Parcel Map No. 956 filed in Book 6 of Parcel Maps at Page 36 in the Office of the Recorder of the County of Sutter, State of California. More fully described as follows:

ALL THAT REAL PROPERTY BEING A PORTION OF SECTION 26, TOWNSHIP 13 NORTH, RANGE 4 EAST, MOUNT DIABLO BASE AND MERIDIAN, LOCATED IN THE COUNTY OF SUTTER, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THAT PORTION OF THE EAST HALF OF SAID SECTION 26 LYING NORTHERLY AND EASTERLY OF THE FOLLOWING DESCRIBED LINE FOLLOWING THE APPROXIMATE CENTER OF AN EXISTING SLOUGH:

COMMENCING AT THE WEST QUARTER CORNER OF SECTION 36, TOWNSHIP 13 NORTH, RANGE 4 EAST, MOUNT DIABLO BASE AND MERIDIAN MARKED BY A RAILROAD SPIKE STAMPED "LS 4060" AS SHOWN ON A RECORD OF SURVEY RECORDED IN BOOK 10 OF RECORDS OF SURVEYS, AT PAGE 204, SUTTER COUNTY RECORDS ON DECEMBER 1, 1986;

THENCE NORTH 00°04'10" WEST 5008.05 FEET TO THE POINT OF BEGINNING OF SAID LINE; THENCE NORTH 89°55'50" WEST, 48.71 FEET; THENCE NORTH 72°54'08" WEST, 44.96 FEET; THENCE SOUTH 52°44'05" WEST, 62.77 FEET; THENCE SOUTH 32°45'07" WEST, 54.97 FEET; THENCE SOUTH 21°19'02" WEST, 123.08 FEET; THENCE SOUTH 30°31'01" WEST, 32.63 FEET; THENCE SOUTH 50°22'44" WEST, 26.99 FEET; THENCE SOUTH 73°34'16" WEST, 27.33 FEET; THENCE NORTH 88°41'07" WEST, 33.93 FEET; THENCE NORTH 70°07'54" WEST, 47.79 FEET; THENCE NORTH 48°20'22" WEST, 134.53 FEET; THENCE NORTH 63°39'40" WEST, 43.75 FEET; THENCE NORTH 82°23'49" WEST, 105.57 FEET; THENCE NORTH 64°12'32" WEST, 48.18 FEET; THENCE NORTH 55°35'08" WEST, 77.32 FEET; THENCE NORTH 79°32'28" WEST, 37.79 FEET; THENCE NORTH 85°08'11" WEST 85.45 FEET; THENCE NORTH 68°25'52" WEST, 49.30 FEET; THENCE NORTH 45°07'29" WEST, 170.69 FEET; THENCE NORTH 60°54'09" WEST, 47.48 FEET; THENCE NORTH 81°19'51" WEST, 31.14 FEET; THENCE NORTH 77°41'49" WEST, 12.55 FEET; THENCE SOUTH 88°56'37" WEST, 75.67 FEET; THENCE NORTH 83°02'32" WEST, 6.05 FEET; THENCE NORTH 70°34'47" WEST, 39.46 FEET; THENCE NORTH 67°26'31" WEST, 62.40 FEET; THENCE SOUTH 81°45'46" WEST, 46.15 FEET; THENCE SOUTH 61°10'14" WEST, 105.42 FEET; THENCE NORTH 89°38'18" WEST, 37.57 FEET; THENCE NORTH 54°42'50" WEST, 30.53 FEET; THENCE NORTH 44°38'28" WEST, 71.13 FEET; THENCE NORTH 24°46'53" EAST, 50.05 FEET TO A POINT BEARING NORTH 15°45'40" WEST, 5454.93 FEET FROM THE WEST QUARTER CORNER OF SAID SECTION 36, THENCE NORTH 24°46'53" EAST, 49.07 FEET; THENCE NORTH 24°25'03" EAST, 469.65 FEET; THENCE NORTH 10°26'13" EAST, 46.04 FEET; THENCE NORTH 07°19'07" EAST, 1254.56 FEET; THENCE NORTH 00°55'20" WEST, 41.67 FEET; THENCE NORTH 14°11'34" WEST, 144.42 FEET; THENCE NORTH 15°03'32" WEST, 228.96 FEET; THENCE NORTH 17°02'07" WEST, 108.16 FEET; THENCE NORTH 19°00'55" WEST, 337.06 FEET; THENCE NORTH

04°13'51" WEST, 46.17 FEET; THENCE NORTH 00°04'10" EAST, 39.08 FEET MORE OR LESS TO THE NORTH SECTION LINE OF SAID SECTION 26 BEING THE TERMINUS OF SAID LINE. THE ABOVE DESCRIBED LINE SHALL BE SHORTENED OR EXTENDED TO TERMINATE AT THE EAST SECTION LINE OF SAID SECTION 26.

EXCEPTING THEREFROM THE FOLLOWING DESCRIBED PARCEL: BEGINNING AT A POINT ON THE EAST LINE OF SAID SECTION 26, BEING 2770.00 FEET NORTHERLY OF THE SOUTHEAST CORNER OF SAID SECTION; THENCE WESTERLY AND PERPENDICULAR TO THE EASTERLY LINE OF SAID SECTION, 310.00 FEET; THENCE NORTHERLY AND PARALLEL WITH THE EASTERLY LINE OF SAID SECTION, 336.00 FEET; THENCE EASTERLY AND PERPENDICULAR TO THE EASTERLY LINE OF SAID SECTION, 310.00 FEET TO A POINT ON THE EASTERLY LINE OF SAID SECTION; THENCE SOUTHERLY, ALONG THE EASTERLY LINE OF SAID SECTION 336.00 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM, PARCELS 1 AND 2 AS SHOWN ON PARCEL MAP NO. 956 FILED IN BOOK 6 OF PARCEL MAPS, AT PAGE 36 IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SUTTER, STATE OF CALIFORNIA.

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS THE WEST LINE OF SAID SECTION 36 BETWEEN HICKS ROAD AND CORNELIUS AVENUE AS SHOWN ON SAID SUTTER COUNTY PARCEL MAP 119.